The trooper in this case testified to at least eight separate factors in support of his probable cause for the arrest in this case. They included 1) a valid radio dispatch from Bellefontaine law enforcement of excessive speeding and possible drunk driver heading his way; followed by personal observation by the trooper of: 2) failure to make a proper turn signal, 3) odor of alcohol, 4) bloodshot and glassy eyes, 5) unsteady on his feet, 6) one clue from the one leg stand test, 7) one clue from the walk and turn test, and 8) six clues and failure of the HGN test.
 {¶ 35} In its judgment entry, the trial court rejected the single clues from the one leg stand test and the walk and turn test. Although a trial court would always be free to reject the testimony of a trooper as to a particular test based upon the court's interpretation of the trooper's credibility or the court's findings as to the improper administration of the test, the trial court made no such finding here. Instead, the trial court rejected the testimony of the trooper on the basis of an apparent "all or nothing" rule, that if a majority of the clues are passed for a particular test, then the test is completely passed and none of the individual failed clues during that test can be considered in conjunction with the totality of other evidence establishing probable cause.
 {¶ 36} The judgment entry of the trial court further stated as a basis of the court's decision to exclude the two field tests in question, that upon reviewing the video tape of the arrest, "[t]he court found nothing in those observations which would have given a *Page 20 reasonable person cause to be concerned about the defendant's ability tosafely operate a motor vehicle." (Emphasis added.)
 {¶ 37} In my view, the "all or nothing" interpretation for field test clues applied by the municipal court is not consistent with the law governing probable cause determinations, including in particular the well established "totality of the circumstances" standards well documented in the majority opinion. More importantly, while always a general concern of the court system, "reasonable cause to be concerned about the defendant's ability to safely operate a motor vehicle" is not the language of the statutory charge at issue here and is not the appropriate standard, either for evaluating the probable cause to arrest or for the exclusion of evidence by a trial court.
 {¶ 38} However, even with the trial court's exclusion of two of the eight factors cited above in support of the probable cause to arrest in this case, six legitimate factors remain which the trial court did not reject. Unfortunately, while the trial court did not reject the credibility of the trooper on any of these factors, it appears as though the majority of this court has done just that by rejecting the testimony of the trooper as to the bloodshot and glassy eyes as well as the testimony about the defendant being unsteady on his feet for the reason that the trooper apparently did not enter those facts in his original police report. In my opinion, conducting our own credibility evaluation, especially when it appears to be contrary to the trial court's own findings, is not consistent with the law *Page 21 
governing the appropriate appellate review of suppression hearings, again as well documented in the majority's own opinion.
 {¶ 39} Even so, four uncontested factors of probable cause would still remain in this case including, the radio dispatch of speeding, the failure to make the left turn signal, the odor of alcohol and the complete failure of the HGN test. However, the majority also rejects the radio dispatch of speeding on the apparent determination that speeding does not constitute "erratic" driving as a matter of law and therefore cannot be considered by a trooper as a factor in the totality of circumstances leading to an OMVI arrest.
 {¶ 40} The majority cites certain appellate decisions in support of this proposition. However, those cases have held only that speedingalone may not constitute erratic driving sufficient to support probable cause for an arrest for operating a motor vehicle under the influence. Those decisions do not support the blanket statement of the majority that speeding cannot be considered as erratic driving in support of a probable cause to arrest for OMVI, where, as here, it is one of several factors observed by the officer. There is simply no authority or other appropriate basis for the majority declaration that the report of speeding could not be considered by the trooper as one factor in the totality of circumstances, along with a left turn violation, the odor of alcohol and the failure of the HGN test in the legitimate determination of probable cause in this case.
 {¶ 41} In sum, it may well be that the trial court could have reached the result it did in this case based upon legitimate fact-finding determinations had it chosen to do so. *Page 22 
Unfortunately, in my view, the decisions of the both trial court and of this court were instead reached only by the application of erroneous and misleading standards for reviewing probable cause determinations and suppression hearings which now run the risk of being promulgated throughout the district. For these reasons I respectfully dissent. *Page 1